IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

WILLIE MUNN                                                                                          PLAINTIFF

v.                                                    Civil No. 4:18-cv-04002

REN BROWN, Police Office and Parole
Officer; CHRISTINE WILLIAMS, Parole
Officer; MR. JOHNSON, Supervisor
Manager; and LISA WILLIS WILKISON,
Hearing Examiner                                                                              DEFENDANTS

## ORDER

Willie Munn, an inmate in the Arkansas Department of Correction, Ouachita River Unit, brings this *pro* se civil rights action pursuant to 42 U.S.C. § 1983.   Before the Court is the issue of Plaintiff's *in forma pauperis* status and the number of his previous 42 U.S.C. § 1983 lawsuits that have been dismissed for failure to state a claim.

## I.  BACKGROUND

Plaintiff submitted his Complaint for filing on January 5, 2018, but did not submit an *in forma pauperis application* ("IFP") with the Complaint.  (ECF No. 1).  The Court ordered Plaintiff to submit an IFP application.  (ECF No. 2).  Plaintiff filed his IFP application on January 25, 2018, and the Court granted Plaintiff IFP status.  (ECF Nos. 4, 5).

While Plaintiff's allegations are somewhat difficult to decipher, it appears he is claiming that he has been falsely imprisoned because his parole was revoked at a hearing held on November 27, 2017.  Plaintiff states he should be released from custody in order to care for his elderly mother who is blind and has cancer.  *Id.* at p. 7.  Plaintiff is suing Defendants in their individual and official capacities. He is seeking compensatory and punitive damages in the amount of $1,500,000.00. (ECF No. 1, p. 5).

## II. DISCUSSION

The PLRA contains a "three strikes" provision, 28 U.S.C. § 1915(g), which limits the ability of a prisoner, who has filed at least three claims that have been dismissed as frivolous, malicious, or for failure to state a claim, to obtain IFP status. This provision has commonly become known as the "three strikes rule" or the "three strikes provision." Shortly after granting Plaintiff IFP status, the Court discovered that, prior to filing the present lawsuit, Plaintiff had filed at least three cases which were dismissed as frivolous, malicious, or for failure to state a claim: (1) *Munn v. Endell,* Civil No. 5:93-cv-00308 (E.D. Ark. May 25, 1993); (2) *Munn v. Garland, et al.* Civil No. 4:02-cv-04132 (W.D. Ark. March 13, 2003); and (3) *Munn v. Hunt, et al.,* Civil No. 4:15-cv-04072 (W.D. Ark. Oct. 5, 2017).

Although Plaintiff has at least three strikes, he may still proceed IFP if he is under "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff has made no such allegation. Therefore, he is not eligible to proceed IFP.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's IFP status is revoked, and Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE.** If Plaintiff wishes to continue this case, he must complete the following within thirty (30) days of the entry of this Order: (1) pay the $350 filing fee in full, noting the above case style and number; and (2) file a motion to reopen the case.

The Court CERTIFIES, pursuant to 28 U.S.C. §1915(a)(3), that an IFP appeal would not be taken in good faith.

**IT IS SO ORDERED**, this 14th day of February, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge